IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

PATRICIA ADKINS,

    Plaintiff,

    v.

WELLS FARGO HOME MORTGAGE,

    Defendant.

CIVIL NO.: WDQ-12-3333

MEMORANDUM OPINION

Patricia Adkins seeks to perpetuate evidence in advance of suit from Wells Fargo Home Mortgage ("Wells Fargo"). Wells Fargo removed the request to this Court. Pending are Adkins's motion to remand, and Wells Fargo's unopposed motion to dismiss. No hearing is necessary. *See* Local Rule 105.6. For the following reasons, the motion to remand will be denied, and the motion to dismiss will be granted.

I. Background[1]

Although unclear, it appears that Wells Fargo attempted to foreclose on Adkins's property. *See, e.g.*, ECF No. 2 ¶ 20. As part of the process, Adkins served requests under the federal Real Estate Settlement Practices Act ("RESPA") and Fair Debt Collection Practices Act ("FDPCA"). *See* ECF No. 2 ¶ 13; 12

---

[1] For the motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).

U.S.C. § 2601 *et seq.*; 15 U.S.C. §§ 1692 *et seq.* Adkins asserts that Wells Fargo failed to respond as required by law. ECF No. 2 ¶ 17.

On September 15, 2012, Adkins filed a Md. Rule 2-404(a) Verified Request for Production of Documents to Perpetuate Evidence in the Circuit Court for Baltimore County, Maryland. ECF No. 2. In the petition, Adkins states that "the subject matter of the expected action involves the slander of title to real property." *Id.* at 1. On November 14, 2012, Wells Fargo removed to this Court asserting federal question jurisdiction. ECF No. 1.

On November 16, 2012, Wells Fargo moved to dismiss the petition. ECF No. 6. That day, the Clerk of the Court sent a "Rule 12/56 letter" to Adkins explaining that a motion to dismiss had been filed and the case could be dismissed if she failed to respond. ECF No. 7. Adkins did not directly oppose the motion; rather, on December 3, 2012, she moved to remand to the Circuit Court. ECF No. 10. On December 20, 2012, Wells Fargo opposed the motion to remand, ECF No. 11, and on January 18, 2013, Adkins replied, ECF No. 12.

II. Analysis

   A.   Legal Standards

      1.   Removal Under § 1441(a)

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing where such action is pending." But, if the action may only be removed to the District of Maryland based on diversity jurisdiction, it may not be removed if any properly joined and served defendant is a citizen of Maryland. 28 U.S.C. § 1441(b)(2).

To remove a case, the defendant must file a notice of removal in the district court within 30 days after receiving the initial pleading, or within 30 days after the defendant receives a copy of a paper from which it is first evident that the case is removable. 28 U.S.C. § 1446(a)-(b). All defendants must join in or consent to the removal. *Id.* § 1446(b)(2)(A). The removing party has the burden of proving subject matter jurisdiction. *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding

the case to state court. *Id.* (internal quotation marks omitted).

2. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

4

(2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted). An affirmative defense, such as the statute of limitations, may be raised in a motion to dismiss if clear from the face of the complaint. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996).

B. Motion to Remand

Adkins asserts that this Court lacks jurisdiction because she asserts only state claims in her petition. *See* ECF No. 10. at 9. Wells Fargo contends that Adkins asserts RESPA and FDCPA claims granting this Court federal jurisdiction. ECF No. 11 at 1.

Section 1441(a) permits "any civil action" to be removed when a federal court has original jurisdiction. A petition under Rule 2-404 "is not a separate action but is 'an ancillary or auxiliary proceeding.' Such a proceeding does not have an independent basis of federal jurisdiction, but rather, its

5

jurisdictional basis is dependent on the anticipated civil action."[2]

Although Adkins's petition states that the expected action is slander of title, she has alleged RESPA and FDCPA violations. *See* ECF No. 2 at 1, 4. In asking the Court to disregard these allegations, Adkins does not seek a liberal construction of her *pro se* filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). "If a court concludes that a plaintiff has 'artfully pleaded' claims" to omit federal questions, "it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998).

Based on Adkins's petition, a liberal construction of her *pro se* filings, and the artful pleading doctrine, the Court finds federal jurisdiction. First, Adkins expressly describes the RESPA and FDCPA violations and identifies them as such. *See* ECF No. 2 ¶ 17. Second, many of the documents she requested would be evidence in a RESPA or FDCPA case.[3] Finally, given the

---

[2] *Allnutt v. Wilcoxson (In re Allnutt)*, 105 F.3d 646 (table), 1997 WL 9762 at *1 (4th Cir. 1997) (quoting *Shore v. Acands, Inc.*, 644 F.2d 389 (5th Cir. 1981); citing *General Motors Corp. v. Gunn*, 752 F. Supp. 729 (N.D. Miss. 1990)).

[3] *See, e.g., id.* ¶¶ 50(g) ("[v]erified, authenticated statement of each transaction that is part of the alleged cumulative debt"), 50(u) ("[t]he original, unaltered, genuine, wet ink signature, authenticated and verified Deed of Trust, with

facts alleged, Adkins could face preclusion on any RESPA or FDCPA claims in a federal suit if she did not join them to her slander of title suit.[4] Accordingly, Adkins has alleged federal claims, and Wells Fargo has properly invoked federal question jurisdiction. The motion to remand will be denied.

C. Motion to Dismiss

Wells Fargo contends that the petition should be dismissed under Md. Rule 2-404 or Fed. R. Civ. P. 27 for failure to show that evidence would be lost or destroyed absent prefiling discovery. See ECF No. 6-1 at 5. Adkins has not opposed the motion.

Both Md. Rule 2-404 and Fed. R. Civ. P. 27[5] require that the petitioner show that "the evidence sought be in danger of

---

accompanying authenticated chain of custody, purportedly signed by Defendants.").

[4] See Brown v. Felsen, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").

[5] Ordinarily, the Federal Rules govern after removal. See Fed. R. Civ. P. 81(c)(1). The applicability of Rule 81(c)(1) to a proceeding to perpetuate evidence brought under state law is unclear, and the Court has found no authority addressing the issue. As the relevant standard for relief is the same, the Court need not decide whether Md. Rule 2-404 or Fed. R. Civ. P. 27 governs. Cf. In re Allnutt, 1997 WL 9762, at *1 (not addressing issue); Fed. R. Civ. P. 64 (permitting use of state procedure for seizure of persons or property before judgment).

7

becoming lost by delay."[6] Adkins offers only her "belief, and fears that, evidence that is material to the expected cause of action will be, or has already been, lost or destroyed," and asserts that Wells Fargo's failure "to comply with lawful Notices and Demands per Md. Code [Ann.], Com[.] Law [§] 1-201(25), 1-201(26)[,] and 1-201(27)"[7] means that it will destroy evidence. ECF No. 2 ¶¶ 4, 48. Adkins has not provided any facts to support her assertions, and appears to rely only on Wells Fargo's alleged misbehavior in other foreclosure cases. See id. at ¶¶ 44-46. This is insufficient justification to grant the petition. See Allen, 659 A.2d at 416-17. Wells Fargo's motion will be granted.

III. Conclusion

For the reasons stated above, Adkins's motion to remand will be denied. Wells Fargo's unopposed motion to dismiss will be granted.

_7/9/13_____                    _____
Date                                    William D. Quarles, Jr.
                                        United States District Judge

---

[6] Allen v. Allen, 659 A.2d 411, 416-17 (Md. Ct. Spec. App. 1995) (examining federal case law on requirements of Fed. R. Civ. P. 27 and following them for Md. Rule 2-404); see 8A Charles Alan Wright et al., Federal Practice & Procedure § 2071.

[7] It is unclear to what Adkins refers. The subsections do not exist as cited, and § 1-201(b)(25)-(27) define "organization," "party," and "person."